**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Michael W. Edwards (#144285), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 50228 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| | ) | |
| Lt. Egler, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

The court grants plaintiff leave to proceed *in forma pauperis*. The court waives the initial partial fee, but authorizes and orders the trust fund officer at plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The court on its own motion dismisses Lieutenant Egler and Correctional Officer Ferguson as defendants on initial review pursuant to 28 U.S.C. § 1915A. The court directs the Clerk of Court to: (1) mail a copy of this order to the trust account office at the Winnebago County Jail; (2) file plaintiff's complaint [1], (3) issue summons for service on defendant Howard by the U.S. Marshal and (4) send plaintiff a blank USM-285 service form, a magistrate judge consent form, filing instructions, and a copy of this order. The court advises plaintiff that a completed USM-285 form is required for service on the defendant. The U.S. Marshal will not attempt service on defendant unless and until the required form is received.

## STATEMENT

Plaintiff Michael W. Edwards, an inmate in the custody of the Winnebago County Sheriff, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants, jail officials, violated plaintiff's constitutional rights by failing to protect him from an attack by fellow prisoners. Currently before the court are plaintiff's application to proceed *in forma pauperis*, and his complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because plaintiff has a zero balance in his inmate trust account and no deposits in the past six months, the court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments should be sent to the Clerk, United States District Court, 219 S. Dearborn

St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must clearly identify plaintiff's name and this case number. This payment obligation will follow plaintiff wherever he may be transferred.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Although the complaint is somewhat difficult to follow, plaintiff seems to allege the following facts, assumed true for purposes of initial review:

On May 3, 2015, plaintiff was arraigned along with eight other inmates in high profile cases. The inmates confined together in plaintiff's "pod" [designated 2F] engaged in two hours of yelling and threats [presumably directed at plaintiff]. Eventually, defendant Ferguson, a Winnebago County corrections officer, extricated plaintiff from the pod and moved him to a different unit, where inmates with mental health issues are housed. Ferguson promised plaintiff that he would never return to the 2F pod.

About a week or so later, another officer, defendant Howard, moved plaintiff back to 2F pod because he could not get along with the officers in the mental health unit. Plaintiff expressed reservations about returning to 2F pod, but Howard ignored plaintiff's concerns, telling him just to "deal with" the aggressive inmates. As plaintiff was walking toward his old cell, he saw that the other inmates in the pod were taking off their socks, which signaled they were ready to fight.

2

Plaintiff pleaded with his cellmates that he did not want to fight, but the inmates refused to accept his apology and attacked him. Plaintiff sustained a black eye and a cut foot in the fracas.

Accepting plaintiff's factual allegations as true, the court finds that the complaint states a colorable federal cause of action against Officer Howard. Correctional officials have a duty to protect inmates from violent assaults by other inmates. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 669 (7th Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). The Constitution imposes on correctional officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832-33). Correctional officials incur liability for the breach of that duty when they are aware of a substantial risk of serious injury to an inmate but nevertheless fail to take appropriate steps to protect him from a known danger. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). In order to demonstrate that he has an Eighth Amendment claim, plaintiff must state facts showing that: (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant-officials acted with "deliberate indifference" to that risk. *Santiago*, 599 F.3d at 756; *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). If defendant Howard was aware that plaintiff was removed from 2F pod for his safety but returned him there days later despite plaintiff's expressed fears for his safety, Howard may be held to answer under 42 U.S.C. § 1983. Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that defendant Howard may advance in response to plaintiff's allegations.

The complaint nevertheless fails to state a tenable claim against either Officer Ferguson or Lieutenant Egler. Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff alleges no fault on the part of Ferguson; to the contrary, he says that he specifically thanked Ferguson for looking out for him. Egler is not even mentioned in the body of the complaint. Because plaintiff has failed to offer any facts indicating that Ferguson and Egler were personally involved in—or even aware of—plaintiff's return to 2F pod, they are dismissed as defendants in this matter on initial review pursuant to 28 U.S.C. § 1915A.

The court directs the Clerk of Court to issue summons for service of the complaint on Defendant Howard. The Clerk of Court is directed to mail plaintiff a blank USM-285 (U.S. Marshals service) form. The court advises plaintiff that a completed USM-285 form is required for service on the defendant. The U.S. Marshal will not attempt service unless and until the required form is received. Plaintiff must therefore complete and return a service form for the defendant, and failure to do so may result in the dismissal of this case for lack of prosecution.

The U.S. Marshals Service is appointed to serve defendant Howard. The court directs the U.S. Marshal to make all reasonable efforts to serve defendant. If Officer Howard can no longer

be found at the work address provided by plaintiff, the Winnebago County Sheriff must furnish the U.S. Marshal with the defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the court file nor disclosed by the U.S. Marshal, except as necessary to serve defendant. The U.S. Marshal is authorized to send a request for waiver of service to defendant in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any document he files in this court to defendants or to defense counsel if an attorney has entered an appearance on behalf of defendants. Every document submitted by plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the court or returned to plaintiff.

Date: 10/01/2015                ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge


Docketing to Mail Notices. (MM)

4